**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:11-cv-643-MEF |
| v. | ) | (WO) |
| | ) | |
| CARL HOBBS CONSTRUCTION COMPANY, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause comes before the Court on three motions. The first is the Motion for

Summary Judgment (Doc. # 19) filed by the plaintiff, Employers Mutual Casualty

Company. The second is the Motion to Deny or Defer Ruling on Plaintiff's Motion for

Summary Judgment (Doc. # 23) filed by the defendants. The third is Employers Mutual's

Motion to Strike (Doc. # 27), which essentially asks the Court to deny the defendants'

Motion to Deny or Defer. For the reasons discussed below, Employers Mutual's two

motions are due to be denied and the defendants' motion is due to be granted.

**II. BACKGROUND**

This suit got underway when Employers Mutual filed a declaratory judgment

action against Carl Hobbs Construction and various related defendants. The related

defendants are both the plaintiffs and the defendants in the underlying state court action. The state court defendants joined with Carl Hobbs Construction are Carl Hobbs and Donald Trawick; the state court plaintiffs are David Alford and Caroline Alford. Here, Employers Mutual seeks a declaration that it neither owes a defense nor indemnity to the construction company defendants as it relates to an underlying state court tort action against them.[1] Thus far Employers Mutual has defended the underlying action, which commenced on May 5, 2009, despite its claim that it has no obligation to do so.[2]

After filing the declaratory judgment action, Employers Mutual met with the defendants. This meeting, which occurred on September 26, 2011, led to an agreement on deadlines for disclosing expert witnesses, taking discovery, and submitting dispositive motions. Relevant here, the discovery deadline the parties chose was June 18, 2012, and the dispositive motion deadline was July 2, 2012. They also agreed, as it relates to discovery, that they "may rely on the depositions and discovery in the underlying lawsuit and may need to take various depositions and engage in paper discovery concerning the plaintiffs' allegations and the defendants' defenses in the underlying lawsuit." (Doc. # 15 at 2.) The parties, as required by Rule 26(f) of the Federal Rules of Civil Procedure, memorialized this agreement and submitted it to the Court as their Rule 26(f) Report. (*See id.*) The Court then issued a Scheduling Order that largely adopted the agreed upon

---

[1] The underlying action is in the Circuit Court of Houston County, Alabama, and is captioned *David Alford, et. al. v. Carl Hobbs, et al.*, No. 09-cv-229-M. The Court will simply refer to it as the underlying action.

[2] Notably, Employers Mutual has provided the defense under a strict reservation of rights.

deadlines. (*See* Doc. # 16.)

The parties have yet to undertake much, if any, discovery in the declaratory judgment action. Yet Employers Mutual has already moved for summary judgment, asking this Court to find in its favor on two issues. First, it believes it is entitled to judgment as a matter of law on its claim that the underlying action does not involve an "occurrence" as defined in the insurance contract. And second, the insurer contends that no genuine issue of material fact exists about whether the construction company defendants failed to provide timely notice as required by the insurance policy. This prompted the defendants to move the Court to deny or defer ruling on Employers Mutual's dispositive motion. Employers Mutual then moved to strike the defendants' denial or deferment motion. Now this Court must decide the question on which these three motions turn: is Employers Mutual's summary judgment motion premature or ripe for review?

### III. DISCUSSION

The appropriate time for filing a summary judgment motion depends on the circumstances of the case. On a purely legal issue, an early summary judgment motion is proper, indeed desirable: the parties will need little if any discovery to present the issue cleanly to the court. On the other hand, it makes little sense to rush a fact intensive motion, because pushing it before the Court too early deprives the nonmovant of the ability to develop his or her case sufficiently.

Against this background, Rule 56(d) of the Federal Rules of Civil Procedure provides a district court with the means to handle premature motions for summary judgment. Under the rule, if a nonmovant can show he lacks the facts necessary to contest the summary judgment motion, a court can defer ruling on the motion, deny it with leave to re-file later, allow time for discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d)(1)–(3). In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the Supreme Court, in discussing this rule, made clear that a party need not wait until *all* discovery is completed to move for summary judgment. To the contrary, a party only has to wait until the other party has had adequate time in which to undertake sufficient discovery. *Id.* at 322. Even so, the Fifth Circuit Court of Appeals, in a decision that binds this Court,[3] said that summary judgment "should not ordinarily be granted before discovery has been completed." *Ala. Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979), *cert. denied*, 449 U.S. 20 (1980). Accordingly, *Alabama Farm Bureau* sets up a presumption against early summary judgment motions, although *Celotex* makes clear they are sometimes proper.

Here, the Hobbs Construction defendants claim they need time for discovery, hence making summary judgment inappropriate. Employers Mutual counters by noting that the underlying state court action has been pending since 2009, thereby providing a sufficiently developed factual record to go forward with their motion. The Court finds the

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting pre-1981 Fifth Circuit decisions as binding precedent).

defendants' argument more persuasive.

The plaintiffs in the underlying suit—David and Caroline Alford—have alleged negligence and breach of contract against Carl Hobbs Construction and its two owners, Carl Hobbs and Donald Trawick. Because a plaintiff generally cannot assert a tort claim against a contractor who constructs a building that does not comply with the contract specifications, the Alfords' negligence claim turns on whether the new construction work on their house damaged the existing portions of their home. And Employers Mutual's obligation to defend and indemnify turns on the answer to this question. Thus the factual record about the damage to the Alfords' home is critically important for resolving the coverage dispute.

According to the Hobbs Construction defendants, the Alfords plan to depose an expert in the near future. The expert, the defendants say, will likely testify not only to the damage caused to the home, but also about who caused it and how. Because this testimony will weigh heavily on the dispositive issue in this case, it would make little sense for the Court to rule on the summary judgment motion now. The motion is therefore due to be denied with leave to re-file after some discovery.

Employers Mutual has also moved for summary judgment on its second claim—that the construction company defendants failed to provide Employers Mutual with adequate notice about the suit against them. Based on the parties' briefs, it appears that the facts surrounding this question are much better developed. Still, the construction

5

company defendants want to take the deposition of a key witness. Besides, it would be in the interest of judicial economy to require Employers Mutual to re-file and ask for summary judgment on both grounds simultaneously. As a result, the motion for summary judgment, as it relates to Employers Mutual's second claim, is due to be denied with leave to re-file at a later date.

## IV. CONCLUSION

After carefully reviewing the motions and briefs submitted by the parties, it is hereby ORDERED as follows:

1.  Employer Mutual's Motion for Summary Judgment (Doc. # 19) is DENIED with leave to re-file at a more appropriate time, namely when the parties have engaged in sufficient discovery;

2.  The defendants' Motion to Deny or Defer Ruling on Plaintiff's Motion for Summary Judgment (Doc. # 23) is GRANTED, given that the Court has denied Employer Mutual's Motion for Summary Judgment; and

3.  Employer Mutual's Motion to Strike (Doc. # 27) is DENIED.

Done this the 22nd day of March, 2012.

                                    /s/ Mark E. Fuller
                              UNITED STATES DISTRICT JUDGE