IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

EMPLOYERS MUTUAL CASUALTY )
COMPANY, )
    )
        Plaintiff, )
    )
v. ) CASE NO. 1:11-cv-00643-MEF
    )
CARL HOBBS CONSTRUCTION ) (WO – Do Not Publish)
COMPANY, INC., *et al.*, )
    )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This cause is before the Court on Defendants Carl Hobbs Construction Company, Inc.,

Carl Hobbs, Donald Trawick, and Hobbs & Trawick d/b/a Carl Hobbs Construction

Company, Inc.'s (collectively, the "Construction Company Defendants") Motion to Amend

Answer (Doc. #54) and Plaintiff Employers Mutual Casualty Company's ("EMC")

Opposition to Defendants' Motion to Amended [sic] Answer and Motion to Strike (Doc.

#55). Upon consideration of the record as a whole, the Court finds that the Construction

Company Defendants' motion to amend is due to be DENIED and EMC's motion to strike

is due to be DENIED as moot.

### II. Background

This suit began when EMC filed a declaratory judgment action against the

Construction Company Defendants and the Alfords on August 11, 2011. (Doc. #1.) The

Alfords are the homeowner–plaintiffs in the underlying state action, which commenced on

May 5, 2009; the Construction Company Defendants are the contractor–defendants in the underlying action.  In this Court, EMC seeks a declaration that it owes no duties to defend or to indemnify the Construction Company Defendants under the commercial general liability policy (the "Policy") at issue in the underlying action.[1]

Since April 2010, EMC has provided counsel to the Construction Company Defendants for the defense of the underlying action under a reservation of rights, and in exchange, EMC has required them to hand over exclusive control of the defense.  As a result, and in reliance on EMC's defense and exclusive control of the underlying action, the Construction Company Defendants terminated Buddy Williams, their original defense lawyer in the underlying action.

When this declaratory judgment action got underway in August 2011, about 15 months had passed since the Construction Company Defendants gave up their choice of counsel in reliance on EMC's defense of the matter under a reservation of rights.  The Uniform Scheduling Order in this suit, entered on November 15, 2011, set the deadline to amend pleadings for November 30, 2011.  (Doc. #16.)

On January 23, 2012, EMC filed its first Motion for Summary Judgment (Doc. #19), which prompted the Construction Company Defendants to file their Motion to Deny or Defer Ruling on Plaintiff's Motion for Summary Judgment on February 2, 2012.  (Doc. #23.)  On February 3, 2012, this Court denied EMC's first Motion for Summary Judgment, finding it

---

[1]  The underlying action is pending in the Circuit Court of Houston County, Alabama, and is captioned *Alford v. Hobbs, et al.*, No. 09-cv-229-M.  The Court will simply refer to it as the underlying action.

to be premature. (Doc. #31.)

In their Motion to Deny or Defer, the Construction Company Defendants raised the issue of EMC's failure to meet its enhanced obligation of good faith while defending under a reservation of rights, arguing that discovery was needed on the matter. (Doc. #23, at p. 5–6.) The Construction Company Defendants did not at that time move for leave to amend their answer to plead as an affirmative defense that EMC failed to meet its enhanced obligation of good faith. However, in its response to the Construction Company Defendants' Motion to Deny or Defer, EMC acknowledged its enhanced obligation and claimed to have met it, quoting *L&S Roofing Supply Company v. St. Paul Fire & Marine Insurance Company.* 521 So. 2d 1298, 1304 (Ala. 1987) (explaining when an insurer meets its enhanced obligation of good faith when defending an insured under a reservation of rights); (Doc. #26, at p. 5) (asserting that EMC acted in good faith in its selection of defense counsel for the insured).

In the most recent cross-motions for summary judgment filed by EMC and the Construction Company Defendants, the parties advanced arguments for and against coverage under the Policy. In the brief in support of its Motion for Summary Judgment, EMC contends that it owes no duties to defend or to indemnify under the Policy for the following reasons: (1) the insured's breach of the Policy's notice requirements; (2) the lack of an "occurrence" that would trigger coverage; (3) the application of enumerated exclusions to coverage; and (4) the fact that some of the Construction Company Defendants are not explicitly named as insureds in the Policy. (Doc. #37, at p. 2.) In the brief in support of their

Motion for Partial Summary Judgment, the Construction Company Defendants contend that: (1) the underlying action is covered—at least in part—by the insurance policy; and (2) EMC owes the Construction Company Defendants coverage because it breached its enhanced duties of good faith while defending the underlying action under a reservation of rights. (Doc. #41, at p. 2–3.)

In the summary judgment briefs, each party responded at length to the other's arguments. Notably, in responding to the Construction Company Defendants' Motion for Partial Summary Judgment, EMC responded to the contention that it did not comply with its enhanced obligation of good faith while providing the defense of the Alford claim under a reservation of rights. (Doc. #49, at p. 43–47.) It should also be noted, however, that EMC further argued that the Construction Company Defendants failed to properly raise EMC's alleged failure to meet its enhanced obligation of good faith, characterizing it as an affirmative defense that was not timely pled. (Doc. #49, at p. 42.)

### III. Discussion

The Federal Rules of Civil Procedure provide that a schedule, such as the Uniform Scheduling Order in this case, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This means that in moving for leave to amend an answer after the deadline set by this Court's scheduling order, Defendants must show good cause exists for their untimely attempt to amend their Answer. *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (applying the Rule 16(b)(4) good cause standard rather than the more liberal standard of Rule 15(a) when ruling on an attempt to amend a pleading after

the deadline was set by the court's scheduling order).

Here, the Construction Company Defendants have not shown good cause for failing to amend their Answer at this late date—they have not shown any new information received that would have reasonably been unknown at earlier points in the litigation.  Consequently, their Motion to Amend/Correct Answer must be denied.  However, the argument that the Construction Company Defendants would advance as an affirmative defense is, in essence, an argument for coverage.  In light of the potential ambiguity as to whether the Construction Company Defendants' argument is either one for coverage or an affirmative defense, as well as the fact that clear notice was given to EMC of the Construction Company Defendants' reliance on the argument both before and throughout discovery, the Court is satisfied that the Construction Company Defendants have properly brought before the Court their coverage argument based on the enhanced obligation of good faith.  In other words, it is not necessary that they amend their Answer for the Court to consider their argument based on the enhanced obligation of good faith.

## IV. Conclusion

Therefore, the Court finds Defendants' Motion to Amend/Correct Answer is due to be and hereby is DENIED, and accordingly, EMC's Opposition to Defendants' Motion to Amended [sic] Answer and Motion to Strike is due to be and hereby is DENIED as moot.

DONE this the 17th day of October, 2012.

_____/s/ Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE